■ RAPID REHABILITATION CORP., INC., Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—Order and judgment (two papers), Supreme Court, Bronx County, entered August 2, 1977 and October 18, 1977, respectively, dismissing the causes of action against the City of New York, unanimously modified, on the law, to the extent of directing that the dismissal is without prejudice to the plaintiff's applying at Special Term, within 20 days of publication of this decision in the *New York Law Journal*, for leave to serve an amended complaint against the City of New York and at the same time to apply to vacate the judgment in the event leave is granted, and otherwise affirmed, without costs or disbursements. We are in agreement with the conclusion reached by Special Term that the papers submitted by the appellant, Rapid Rehabilitation Corp., Inc. (Rapid), fail to show any acts or omissions on the part of the City of New York sufficient to withstand a motion to dismiss the complaint. We further note that there was no request made by Rapid for leave to replead. However, if there are evidentiary facts which would warrant recovery, Rapid should be afforded an opportunity to pursue its remedies and to submit a proposed amended complaint which would justify the granting of leave to replead (CPLR 3211, subd [e]; *Sanders v Schiffer,* 39 NY2d 727, 729). Concur—Lupiano, J. P., Silverman, Lane, Sandler and Sullivan, JJ.

■ LITTON BUSINESS SYSTEMS, INC., Respondent, v BUSINESS PRODUCTS CORPORATION OF AMERICA, Appellant.—Order, Supreme Court, New York County, entered September 30, 1977, which granted plaintiff's motion for partial summary judgment in the amount of $7,703.42, unanimously modified, on the law, without costs and without disbursements, to reduce the partial summary judgment to $2,583.42, and otherwise affirmed. Plaintiff commenced this action to recover, as here pertinent, $11,098.42 for copying machines and related products allegedly delivered either to defendant or defendant's customers. On plaintiff's motion for partial summary judgment, the court at Special Term concluded that the only issue of fact presented related to a claimed credit in the amount of $3,995 for return of equipment, and granted judgment accordingly. Through an apparent clerical error, the amount was described in the opinion of the court, and thereafter incorporated in the order, as $7,703.42. It is clear that the amount intended to have been directed was $7,103.42. We are of the view that factual issues are also presented with regard to the delivery of the merchandise embraced in Invoice No. W7000669, valued at $4,150, and the merchandise embraced in Invoice No. W7000891, valued at $370. Accordingly, plaintiff is entitled to partial summary judgment in the total amount of $2,583.42. Concur—Lupiano, J. P., Silverman, Lane, Sandler and Sullivan, JJ.